**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4729**

———————————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

TONY LEE SWANN,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:11-cr-00078-WO-1)

———————————

Submitted:  April 19, 2013          Decided:  May 10, 2013

———————————

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Lee Swann appeals his conviction and twenty-two months sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Swann's prior state conviction for involuntary manslaughter was a predicate felony and whether Swann's sentence was reasonable.[1] Swann has filed a pro se supplemental brief, rearguing the issues raised by counsel. We affirm.

18 U.S.C. § 922(g)(1) (2006) prohibits the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." At the time of Swann's conviction, involuntary manslaughter was a Class H felony. North Carolina v. Powell, 426 S.E.2d 91, 92 (N.C. App. 1993). The presumptive range of imprisonment for a Class H felony was three years in prison, with a maximum punishment of ten years. Id. Swann was given to a three-year suspended sentence. Accordingly, as Swann could

---

[1] The district court imposed a variance sentence above the advisory Guidelines range of 10-16 months in prison.

have been sentenced to over a year in prison, Swann's prior conviction was a proper predicate under the statute.[2]

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir.

---

[2] In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. See United States v. Simmons, 649 F.3d 237, 247 (4th Cir. 2011). It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year. Likewise, Swann's assertion that his "involuntary" crime could not constitute a predicate offense is without support.

2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Here, counsel does not point to any specific alleged error in Swann's sentence. In his pro se brief, Swann asserts that he did not have an opportunity to explain his prior conviction or to note that he was permitted to possess a gun under North Carolina law. However, the district court heard extensive argument by counsel regarding the circumstances of the prior conviction, and Swann declined to allocute. Moreover, Swann admitted in the factual basis that his prior conviction had not been expunged and that his civil rights had not been restored.

The district court clearly heard Swann's arguments for leniency, but the court found the aggravating factors of Swann's crime and background outweighed the mitigating factors. The court properly considered the nature and circumstances of Swann's conviction and the fact that his relevant conduct was more serious than mere possession of a firearm. Finally, the court gave specific, detailed reasoning for the upward variance. Accordingly, the sentence is not procedurally unreasonable.

Next, we conclude that the sentence was substantively reasonable, as it was within the prescribed statutory range and resulted from the district court's proper weighing of the relevant § 3553(a) factors. Here, the district court explained at length its decision to sentence Swann above the Guidelines range, referring multiple times to Swann's continued, illegal possession of a firearm; his lack of credibility; and his reckless behavior while possessing the firearm. The district court's decision to depart six months above the Guidelines range is supported by the record and does not constitute an abuse of discretion.

This court requires that counsel inform her client, in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid this decisional process.

AFFIRMED